| Zeidman v Harrison L. Chen, DDS, P.C. |
| --- |
| 2024 NY Slip Op 31932(U) |
| June 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650584/2024 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARLENE P. BLUTH**                     PART                14

*Justice*

-----------------------------------------------------------------------------X

ANDREW ZEIDMAN,

                                Plaintiff,

                         - v -

HARRISON L. CHEN, DDS, P.C.,HARRISON CHEN

                          Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650584/2024 |
| MOTION DATE | 05/31/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for                  DISMISS            .

Defendants' motion to dismiss is granted for the reasons stated below.

**Background**

This dispute concerns plaintiff's attempt to sell his dental practice to defendants. Defendants point out that plaintiff has another pending case, also before the undersigned, arising out of the same dispute. They observe that in both cases, plaintiff brought claims for breach of contract, fraudulent inducement, for an accounting and for legal fees. Defendants contend that plaintiff was not permitted to simply bring a new action because he did not like the way the first action was handled. They argue that this case should therefore be dismissed pursuant to CPLR 3211(a)(4) because there is a prior action pending. Defendants also seek sanctions.

In opposition, plaintiff contends that this case contains different allegations. He maintains that the Dr. Chen defaulted under the terms of the parties' promissory note in June 2023 and so there is a new default. Plaintiff claims that his attorney attempted to get defendants to stipulate to the filing of an amended complaint in the other action but that defendants' counsel

**650584/2024   ZEIDMAN, ANDREW vs. HARRISON L. CHEN, DDS, P.C. ET AL**
**Motion No.  001**

Page 1 of 4

[* 1]

refused to consent. Plaintiff also argues that the causes of action asserted in this case are against a corporate defendant which is not a party to the 2022 action. Plaintiff argues that, in any event, sanctions are not appropriate.

In reply, defendants contend that plaintiff admits that the *original parties* in the first action are the same parties in this action. They also observe that plaintiff acknowledges that in that first action, plaintiff made a motion to dismiss defendants' counterclaims on the ground that an entity did not exist (although plaintiff still sought affirmative relief against this non-existent entity). Defendants observe that the contracting parties have not changed between the time the first and second actions were each commenced and that this case is merely a second bite at the apple for plaintiff, who failed to properly appeal decisions in the first action.

**Discussion**

A matter may be dismissed pursuant to CPLR 3211(a)(4) where "a pending action existed between the same parties for essentially the same relief and involving the same actionable wrong" (*GSL Enterprises, Inc. v Citibank, N.A.*, 155 AD2d 247, 546 NYS2d 857 [1st Dept 1989] [internal quotations and citation omitted]).

Some context is required in this Court's analysis. In the previous action, this Court noted that although plaintiff sued an entity called Harrison Chen, DDS, P.C. concerning the same contract at issue in this action, it turned out that the actual name of the corporate entity had Dr. Chen's middle initial (Harrison *L.* Chen, DDS, P.C.) (NYSCEF Doc. No. 66 in Index Number 656793/2022). The Court observed that plaintiff admitted that "neither the contracted party nor the named entity legally exist" (*id.*). However, rather than moving on to the merits, plaintiff simultaneously insisted that this non-existent entity was not permitted to assert counterclaims against him *but* that he could nevertheless assert affirmative claims against this non-existent

**650584/2024   ZEIDMAN, ANDREW vs. HARRISON L. CHEN, DDS, P.C. ET AL**
**Motion No.  001**

**Page 2 of 4**

entity. Obviously, that position was internally inconsistent and so the Court dismissed this entity from the case as there was no dispute it did not exist.

As defendants point out, plaintiff did not move to reargue or pursue an appeal for that decision. Nor did he move to amend his complaint to proceed on the merits of his breach of contract claims. Instead, plaintiff failed to oppose a default motion on Dr. Chen's counterclaims and the Court granted that motion and ordered an inquest at time of trial (NYSCEF Doc. No. 80). Nearly a year later, plaintiff made a motion to renew the Court's decision, a motion which the Court denied (NYSCEF Doc. No. 116). And according to defendants, plaintiff failed to timely perfect his appeal of the Court's decision concerning the motion to renew (NYSCEF Doc. No. 31, n 1).

This context suggests that the instant action is a blatant attempt at judge shopping. Plaintiff apparently did not like the way in which the first action was proceeding so he commenced a separate case arising out of the same exact issue—the contract to sell the dental practice. Plaintiff even admits he tried to get defendants' consent to file an amended complaint in the first action, but instead of making a motion for that relief in the first action he brought the instant case. That suggests that the cases are "for essentially the same relief."

Of course, a review of the complaints in each matter demonstrates that the Court should dismiss the second action pursuant to CPLR 3211(a)(4) as both concern the same exact subject matter. That the parties are not currently exactly the same is of no moment. Plaintiff had ample opportunity to amend his complaint in the first action to name the correct corporate entity (the one with Dr. Chen's middle initial) and yet he decided to bring this case instead (and attempt to get it referred to the Commercial Division and therefore to a different judge than the undersigned).

**650584/2024   ZEIDMAN, ANDREW vs. HARRISON L. CHEN, DDS, P.C. ET AL**
**Motion No. 001**

**Page 3 of 4**

However, the Court declines to issue any sanctions. The Court views this action as new attorneys trying to clean up the fallout from the decisions in the related case. Lying and cheating are sanctionable but a poor or unsuccessful legal strategy is not. And so while plaintiff's actions are confounding, it could be chalked up to counsel making an unpersuasive attempt to repackage the claims at issue here; it is not wholly frivolous or so beyond the pale that sanctions are appropriate.

Accordingly, it is hereby

ORDERED that defendants' motion to dismiss is granted and the Clerk is directed to enter judgment accordingly in favor of defendants and against plaintiff along with costs and disbursements upon presentation of proper papers therefor.

| 6/4/2024 | | | |
|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | **X** | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | **X** | GRANTED | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650584/2024   ZEIDMAN, ANDREW vs. HARRISON L. CHEN, DDS, P.C. ET AL**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]